IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER L. PARKER,
No. S07242,

Petitioner,

vs.

ZACK ROECKMAN,

Respondent.                                   No. 13-cv-00206-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is Christopher L. Parker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner Parker is a state prisoner currently incarcerated in Big Muddy River Correctional Center. Petitioner brings this action to challenge the constitutionality of the sentence imposed in connection with his June 2009, Jersey County, Illinois, conviction for criminal sexual assault. More specifically, Petitioner contends that the statutorily imposed term of mandatory supervised release[1] is unconstitutional. Petitioner argues that, because the ultimate term of supervision is determined by the Prisoner Review Board, not the trial court, the separation of powers is violated and he has been denied his Fourteenth Amendment right to due process.

---

[1] A term of mandatory supervised release, ranging from a minimum of three years to a maximum of the natural life of the defendant, is prescribed under 730 ILCS 5/5-8-1(d).

Although Parker did not pursue a direct appeal, he indicates that he did exhaust his state court remedies by collaterally attacking his sentence in the state court system. Petitioner evinces exhaustion by submitting documentation showing that on January 31, 2013, the Supreme Court of Illinois denied his motion for leave to file a petition for writ of habeas corpus. Furthermore, Petitioner appears to have filed his petition in a timely manner.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 21st day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.21
13:30:13 -05'00'

**Chief Judge**
**United States District Court**