IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER L. PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-206-DRH-DGW |
| | ) | |
| ZACK ROECKMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are five motions filed by Petitioner, Christopher L. Parker: Motion to Add Ground Two filed on June 18, 2013 (Doc. 24); Motion for Status filed on June 27, 2013 (Doc. 25); Motion for Order filed on July 2, 2013 (Doc. 26); Motion for Status filed on July 30, 2013 (Doc. 27); and, Motion to Order State to Answer filed on August 7, 2013 (Doc. 28).

On June 13, 2013, this matter was reopened after having been dismissed on June 3, 2013. As of the date of this Order, no Answer or responsive pleading has been filed by Respondent. Respondent is therefore **ORDERED** to file an Answer or responsive pleading by **September 27, 2013**.

The Petition alleges only one ground for relief: that Petitioner's due process rights were violated by an indeterminate sentence of mandatory supervised release.  In his Motion to Supplement, Petitioner seeks to add a second ground for relief: that his due process rights were violated because he was questioned outside of the presence of a parent, legal guardian, or lawyer at the age of 17 years.  Plaintiff is **GRANTED** leave to supplement his Petition to add ground two and the Court will construe the Motion (Doc. 24) as a supplemental pleading.  Respondent will

file a responsive pleading as to ground 2, as outlined in the Motion (Doc. 24), in responding to the Petition.

Petitioner also appears to seek Court assistance in locating a suitable "host site" upon his release from prison. It is unclear to the Court the nature of Petitioner's request. To the extent that Petitioner seeks a Court Order directing the location of Petitioner's housing upon release from prison, the Court will not interfere with the procedures and requirements of the Illinois Department of Corrections. Petitioner must seek redress with the IDOC regarding this matter. To the extent that Petitioner is arguing that he is required to remain in custody for a period of time that is not mandated by the judgment in his criminal case, he may file a motion to amend his petition to that effect.

Finally, the Clerk of Court is **DIRECTED** to mail to Petitioner, along with this Order, a copy of the Docket Sheet.

In light of the above holdings, the Motion to Add Ground Two filed on June 18, 2013 (Doc. 24) is **GRANTED**; the Motion for Status filed on June 27, 2013 (Doc. 25) is **GRANTED**; the Motion for Order filed on July 2, 2013 (Doc. 26) is **DENIED WITHOUT PREJUDICE**; the Motion for Status filed on July 30, 2013 (Doc. 27) is **DENIED AS MOOT**; and, Motion to Order State to Answer filed on August 7, 2013 (Doc. 28) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: August 22, 2013**

                                                 **DONALD G. WILKERSON**
                                                 **United States Magistrate Judge**