IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER L. PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-206-DRH-DGW |
| ) | |
| ZACK ROECKMAN, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a number of Motions filed by Plaintiff: Motion to Amend (Doc. 33); Motion for Bond (Doc. 34); Motion for Copies (Doc. 35); and Motion to Revise (Doc. 38).

Petitioner was sentenced to 5 years and 3 months incarceration plus a term of mandatory supervised release of 3 years to life on June 24, 2009. According to the Illinois Department of Correction's webpage,[1] Petitioner's release (from physical custody) date is September 11, 2014. In the Petition before this Court (Doc. 1), Petitioner makes only one claim: that his indeterminate mandatory supervised release sentence violates the due process clause and the doctrine of separation of powers. Respondent has filed a motion to dismiss in which he argues that the petition is untimely (and specifically, two years too late).

Petitioner now seeks to add a new claim (regarding his underlying conviction), and what appears to be the same claim he asserts in his Petition but on behalf of "600" other inmates. He states that he is being held without due process because there is no suitable "host site" for him to live upon release (Petitioner was convicted of a criminal sexual assault and presumably has limitations on where he can live upon release). Petitioner also seeks a bond (he indicates that he is only being confined and not released on MSR because of the lack of a host site); he would like a copy of the Local Rules; and, he seeks to supplement his response to

---

[1] http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx

the Motion to Dismiss.

Petitioner was already granted leave to supplement his Petition to include Ground 2 as listed in the motion on August 22, 2013 (Doc. 29). Petitioner is **GRANTED** leave to supplement his petition to add Ground 3, but only to the extent that he is asserting a claim on behalf of himself (and not the 600 other inmates he mentions). The question of whether Petitioner may amend his Petition to include class claims is **TAKEN UNDER ADVISEMENT** and will be addressed in this Court's Report and Recommendation. The Court will consider the grounds, as listed in the Motion (Doc. 33) along with the ground listed in the Petition. It is unnecessary, at this point, for Petitioner to file an amended petition. Petitioner's request for a bond also will be addressed in this Court's Report and Recommendation. Petitioner is **GRANTED** leave to file his supplemental response, which the Court notes is already filed (Doc. 39). The Motion for a Copy of the Local Rules is **DENIED WITHOUT PREJUDICE**. If Petitioner requires a copy, he may contact the Clerk of Court and request a copy, provided he pay the copying fee which is currently 50 cents per page.

Respondent is **GRANTED** until **October 22, 2013** to file any supplement to his Motion to Dismiss that would address the new claims made in Document 33. Petitioner response to the Motion to Dismiss and any supplement filed by Respondent is due by **November 5, 2013**.

For the foregoing reasons, the Motion to Amend (Doc. 33) is **GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART**; the Motion for Bond (Doc. 34) is **TAKEN UNDER ADVISEMENT**; the Motion for Copies (Doc. 35) is **DENIED WITHOUT PREJUDICE**; and the Motion to Revise (Doc. 38) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: October 8, 2013**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**