IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER L. PARKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZACH ROECKEMAN, )<br>)<br>Defendant. ) | CIVIL NO. 13-206-DRH |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Christopher L. Parker pleaded guilty to one count of criminal sexual assault in Illinois state court and was sentenced to five years and three months' imprisonment and mandatory supervised release ("MSR") of three years to life. It appears that Parker was scheduled to be released from prison to MSR on September 11, 2012, however, he was not actually released from prison because he lacked an appropriate host site to serve his MSR (*See* Doc. 47-1). Parker is serving his term of MSR in custody and remains incarcerated at Big Muddy River Correctional Center.

Parker filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction and sentence, as well as his continued confinement. Currently before the Court is respondent Zach Roeckeman's motion to dismiss the petition (Doc. 36). Respondent argues that

Parker's petition must be dismissed because the first two claims are untimely under 28 U.S.C. § 2244(d) and the third claim is unexhausted under 28 U.S.C. § 2244(b). For the reasons stated below, respondent's motion to dismiss is **GRANTED** and the Petition is **DISMISSED**.

## I.     BACKGROUND

Petitioner Christopher L. Parker was charged by information in October 2007 in the Circuit Court of Jersey County, Illinois with two counts of criminal sexual assault, one count of predatory criminal sexual assault of a child, and one count of criminal sexual abuse (Doc. 36-1, p. 1). He initially pleaded guilty to one count of criminal sexual assault in January 2008 and he was sentenced (Doc. 36-1, p. 9, 24). During post-conviction proceedings, Parker was permitted to withdraw his guilty plea, his sentence was vacated, and all charges were reinstated (*See* Doc. 36-2, p. 43). In June 2009, Parker again pleaded guilty to one count of criminal sexual assault, and he was sentenced to five years and three months in the Illinois Department of Corrections ("IDOC") and MSR of three years to life (Doc. 36-2, pp. 57–58).

Following his conviction and sentencing in June 2009, Parker did not file a timely motion to withdraw his plea of guilty nor did he directly appeal his conviction. On June 29, 2010 Parker filed a post-conviction petition in Jersey County Circuit Court (Doc. 36-4, p. 60). It was denied on July 13, 2010 and Parker appealed to the Illinois Appellate Court (Doc. 36-4, pp. 46–48; Doc. 36-3, p.

58). Parker later sought to voluntarily dismiss the appeal, and his request was granted on April 1, 2011(Doc. 9-3, p. 96). Throughout 2010 and 2011, Parker filed various other documents in the Jersey County Circuit Court, including another post-conviction petition, a motion to reconsider his post-conviction petition, a motion to withdraw his guilty plea, and a motion for relief from judgment (*See* Doc. 36-4, pp. 59–61). All of these motions and petitions were denied (*See id.*). Parker appealed the denial of two of the motions, however, he later voluntarily dismissed each appeal (*See id.*). In November 2012, Parker filed a motion for leave to file a petition for a writ of habeas corpus in the Illinois Supreme Court, which was also denied (*See* Doc. 36-6, pp. 23–24).

Parker filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on February 28, 2013 (Doc. 1). In his original petition, Parker raised only one issue: that the statutorily imposed term of mandatory supervised release was unconstitutional ("Claim one") (Docs. 1, 8). Parker was granted leave to amend his petition to add a second claim: that his constitutional rights were violated when he was questioned outside the presence of a parent, legal guardian, or lawyer because he was only 17 years old ("Claim two") (Docs. 24, 29). Parker was then granted leave to amend his petition to add a third claim: that his constitutional rights are being violated by being forced to serve his term of mandatory supervised release in prison because he cannot provide a suitable host site for his release ("Claim three") (Docs. 33, 40).

## II.   DISCUSSION

### A.   Legal Standard

The Anti–Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a district court can address the substantive merits of a federal habeas petition, however, there are a number of a number of procedural hurdles imposed by AEDPA that the state prisoner must clear. Pertinent to this matter, AEDPA created a one-year limitations period for filing an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). AEDPA also mandated that a state habeas petitioner must exhaust his state court remedies before pursuing his claims in federal court. 28 U.S.C. § 2254(b).

### B.   Claims 1 & 2 Are Time Barred

The one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Illinois, the conviction of a defendant who pleads guilty becomes final thirty days after the sentence was imposed unless the defendant files a motion to reconsider the sentence or a motion to withdraw the plea and vacate the sentence. Ill. S. Ct. Rule 604(d).

Here, Parker pleaded guilty on June 24, 2009. In the thirty days that followed, he did not move to reconsider his sentence or withdraw his plea, and he did not file a direct appeal. Therefore, his conviction became final on July 24, 2009 when his time to do so expired. The clock on the one-year limitation period under 2244(d)(1)(A) began to run that same day. On June 29, 2010, Parker filed a post-conviction petition and, assuming that it was properly filed, stopped the limitations clock. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction . . . is pending shall not be counted toward any period of limitation . . . .") The trial court denied Parker's post-conviction petition, and Parker appealed to the Illinois Appellate Court. When Parker's appeal was dismissed on April 1, 2011, the limitations clock started to run again. At this point, Parker had 26 days—until April 27, 2011—to file a federal habeas petition seeking to challenge his conviction.[1] Parker's federal habeas petition was not filed until February 28, 2013, almost two years after the deadline had passed. Therefore, Parker's § 2254 petition is time-barred under § 2244(d)(1)(A) and must be dismissed.

Parker appears to argue that § 2244(d)(1)(A) does not define the beginning of his limitations period with respect to Claim 1 because the later start date under subsection D applies. Under § 2244(d)(1)(D), the limitations clock begins to run

---

[1] On April 18, 2011, Parker filed a motion to reconsider the post-conviction petition (Doc. 9-3, p.98), and it appears the motion was denied on the same day (Doc. 9-4, p. 60). The Court doubts that this motion stopped the limitations clock, but even if it did, the clock stopped for only one day, or two days at best.

on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Parker argues that *People v. Rinehart*, 962 N.E.2d 444 (Ill. 2012) issued by the Illinois Supreme Court in January 2012 triggered a new one-year limitations period (Docs. 39, 47). In order to understand Parker's argument, a bit of background information is necessary. Under Illinois law, the term of MSR for individuals convicted of certain sex offenses "shall range from a minimum of 3 years to a maximum of the natural life of the defendant." 730 ILL. COMP. STAT. 5/5-8-1(d)(4). In *Rinehart*, the Illinois Supreme Court concluded that the language of the statute contemplated, and trial courts must impose, an indeterminate MSR term of three years to natural life for convicted sex offenders, as opposed to a determinate term within that range. 962 N.E.2d at 452–54. Parker claims that as a result of *Rinehart*, the ultimate term of supervision is determined by the Prisoner Review Board, not the trial court, which violates the separation of powers doctrine and his due process rights (Doc. 1). In other words, according to Parker, the *Rinehart* decision supplied the factual predicate for his claim which could not have become known until the Illinois Supreme Court issued that decision.

Parker's argument has no merit. In *Rinehart*, the Illinois Supreme Court simply clarified the law regarding the statutorily required MSR term for individuals convicted of certain sex offenses, including criminal sexual assault. The Seventh Circuit has previously held that these type of state court decisions which modify or

clarify substantive state laws do not constitute a "factual predicate" under § 2244(d)(1)(D). *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("[W]e do not find that a state court decision modifying substantive law constitutes a "factual predicate" under § 2244(d)(1)(D) justifying a new one-year limitations period.") Other circuits that have considered this issue have uniformly reached the same conclusion. *See Whiteside v. United States*, 748 F.3d 541, 565 (4th Cir. 2014) (holding that decision by federal court of appeals "represented a change of law, not fact"); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (holding that decision by federal court of appeals was newly-discovered law, not a newly-discovered fact); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (holding that decision by federal court of appeals was not a "new fact" because the determination of whether statutory amendment was retroactively applicable was "a ruling exclusively within the domain of the courts and is incapable of being proved or disproved."); *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) ("If a change in (or clarification of) state law, by a state court, in a case in which [petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless.") Therefore, § 2244(d)(1)(D) does not apply to Claim 1 and Parker is not entitled to the later start.

With respect to Claim 2—that his constitutional rights were violated during police questioning—Parker does not make any explicit argument in his response briefs that a later start date applies (*See* Docs. 37, 39, 47). However, he previously

suggested that he did not file his claim sooner because he did not know the police questioning violated his rights (Doc. 24). This suggestion implies that "the year to file a federal petition begins when a prisoner *actually understands* what legal theories are available." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). However, "that is not was § 2244(d)(1) says." *Id.* "[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." *Id.* Here, the principal facts that set the stage for Parker's claim were the allegedly illegal circumstances surrounding his questioning by police; those circumstances were plainly observable and known to Parker at the time the questioning occurred. The fact that he did not personally recognize the legal significance of those circumstances does not warrant the benefit of a later start under § 2244(d)(1)(D).

In sum, § 2244(d)(1)(A) governs the limitations period of Parker's Claims 1 and 2. Under that provision, Parker's claims are time-barred and therefore must be dismissed absent the application of equitable tolling. It is Parker's burden to establish that equitable tolling is warranted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("The petitioner seeking equitable tolling bears the burden of establishing that it is warranted." (citing *Williams v. Buss,* 538 F.3d 683, 685 (7th Cir. 2008))). However, Parker failed to explicitly raise an equitable tolling argument when he was provided an opportunity to do so in response to respondent's motion to dismiss. Furthermore, after reviewing Parker's filings, the

Court has no reason to believe that Parker was unable to file his habeas petition within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) ("We have previously made clear that a petitioner is entitled to equitable tolling only if he shows . . . that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotation marks omitted); *Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.") Because Claims 1 and 2 are time-barred and equitable tolling does not apply, those claims must be dismissed.

### C. Claim 3 Is Unexhausted

Respondent argues that Claim three is unexhausted (Doc. 42). Before reaching the issue of exhaustion, the Court will briefly address its reservations about Parker's entitlement to bring this claim. In Claim three, Parker alleges that his due process rights are being violated by being forced to serve his term of MSR in prison because he cannot provide a suitable host site for his release. A class action suit was brought in the Northern District of Illinois by a group of convicted sexual offenders in the same position as Parker. *Murdock, et al. v. Walker, et al.,* No. 08–cv–01141 (N.D Ill. originally filed Feb. 25, 2008) ("*Murdock* Case"). The *Murdock* class asserted a due process claim that was essentially the same as that raised by Parker, and sought essentially the same declaratory and injunctive relief

as Parker. The *Murdock* class was certified in June 2011, before Parker filed the instant habeas petition, and Parker clearly fits within the parameters of the class. *See id.* at Doc. 137.[2] The *Murdock* case came to a close in March 2014 when the court granted summary judgment in favor of the various IDOC defendants on all of the § 1983 claims. *See id.* at Doc. 253, *available at* 2014 WL 916992. Class counsel did not appeal that order and the time to appeal has lapsed; therefore, the order has become final. Because the *Murdock* class was certified under Rule 23(b)(2), the judgment binds all members of the class, regardless of their desire to opt out. *See Johnson v. Meriter Health Servs. Emp. Ret. Plan,* 702 F.3d 364, 370 (7th Cir. 2012); *Brown v. Randle*, Case No. 11 C 50193, 2014 WL 2533213, at *4 (N.D. Ill. June 5, 2014). Therefore, it seems that Parker is precluded from raising the same claim in the instant matter and seeking the same relief that was denied in the *Murdock* case. However, the Court need not resolve this issue because there is a much simpler and clear cut reason for dismissing Claim 3—Parker failed to exhaust his state remedies.

In order to exhaust his state remedies, a petitioner must fully and fairly present his constitutional claims through one full round of state court review before filing a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

---

[2] The class is defined as: Illinois Department of Corrections prisoners who (1) have been, or will be, convicted of a sex offense; (2) have served the maximum term of imprisonment for their sentence; (3) have been authorized for release to mandatory supervised release (parole) by the Illinois Prisoner Review Board; (4) were, or will be, denied release by the Defendants because the class member's approved housing site, as determined by the Prisoner Review Board, was disapproved by one or more of the Defendants; and (5) as a result of Defendants' conduct the class member was not released. *Murdock, et al. v. Walker, et al.,* No. 08–cv–01141 (N.D. Ill.) at Doc. 137.

For a petitioner who was convicted in Illinois state court, this means "the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (citing *Boerckel*, 526 U.S. at 844–45).

According to Parker, he has not presented Claim three to the state court at any level (Doc. 33). Despite Parker's admission, respondent acknowledged the possibility that Parker may have raised this claim in his motion for leave to file a petition for habeas corpus as an original action in the Illinois Supreme Court (Doc. 42). The Court is unable to confirm what claim or claims were part of Parker's motion to the Illinois Supreme Court because the motion is not in the record. However, even if Claim three was presented in the motion to the Illinois Supreme Court, Parker still did not satisfy the exhaustion requirement because the Illinois Supreme Court denied his motion without an adjudication on the merits and without preventing him from starting over with the trial court and pursuing a full round of state-court review. *Dupree v. Jones*, 281 F. App'x 559, 560 (7th Cir. 2008) (citing *Crump v. Lane*, 807 F.2d 1394, 1396 (7th Cir. 1986)); *Simmons v. Nicholson*, Case No. 12-3306, 2012 WL 6115512, at *2 (C.D. Ill. Dec. 10, 2012); *Wahiid v. McGann*, Case No. 08C0637, 2009 WL 1675952, at *2 (N.D. Ill. June 11, 2009). "A prisoner who does nothing more after being turned away by the supreme court has not pursued a *full round* of state-court review, and thus, has not

exhausted." *Dupree*, 281 F. App'x at 560 (emphasis in original).

Respondent contends that remedies in the courts of the State of Illinois remain available and adequate; namely, Parker could file a mandamus action (Doc. 42). Parker argues that a mandamus action is not adequate because "a mandamus would do nothing" (Doc. 47, p. 3). But when determining whether a petitioner has exhausted his state court remedies, "the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993). Here, Parker could file a mandamus action in the state court, and he was required to do so before filing his federal habeas petition even if he expected the state court to rule against him. *See Neville v. Walker*, 878 N.E.2d 831 (Ill. App. Ct. 2007) (reviewing denial of inmate's mandamus action challenging the IDOC's refusal to release him to MSR); *Armato v. Grounds*, 944 F. Supp. 2d 627, 635 (C.D. Ill. 2013) (suggesting habeas corpus and claim of false imprisonment are other available remedies (citing *Toney–El v. Franzen,* 777 F.2d 1224, 1228 (7th Cir. 1985))). *See also White*, 990 F.2d at 342 ("Federal-state comity demands that a habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably").

Accordingly, Claim three must be dismissed because Parker did not exhaust his state remedies before filing his federal habeas petition. The Court further finds

that there is no reason to consider staying this matter while Parker returns to state court because there is no danger that his claim will be rejected as time-barred if he chooses to refile in federal court after properly exhausting his state remedies. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (holding district court has discretion to consider staying habeas action while petitioner exhausts state remedies if dismissal would foreclose federal habeas review because of lapse of one-year limitations period). The custody that Parker is challenging is the additional time he is serving as a result of the decision by the Prisoner Review Board and/or the IDOC not to release him to MSR. The Seventh Circuit has held that the limitation period of § 2244(d) does not apply to petitions contesting administrative decisions. *Cox v. McBride*, 279 F.3d 492, 493–94 (7th Cir. 2002).

**D.  Certificate of Appealability**

Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537

U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here the undersigned finds no basis for a determination that the Court's decision to dismiss Parker's § 2254 petition is debatable or incorrect. Reasonable jurists could not debate the Court's conclusion that Claims one and two are time-barred. Reasonable jurists also could not debate the Court's conclusion that Claim three is unexhausted. Consequently, the Court declines to issue a certificate of appealability in this case.

### III.  CONCLUSION

Respondent Zach Roeckeman's motion to dismiss Christopher Parker's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 36) is **GRANTED**. Claims one and two of Parker's habeas petition are **DISMISSED with prejudice**. Claim three is **DISMISSED without prejudice**. Furthermore, the Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to enter judgment reflecting the same and close this case.

**IT IS SO ORDERED.**
Signed this 14th day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.14 12:13:02 -05'00'

**Chief Judge**
**United States District Court**