# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER L. PARKER,
    Petitioner,

v.                                            No. 3:13-cv-00206-DRH-CJP

JUSTIN HAMMERS,
    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

On July 14, 2014, the court dismissed Christopher L. Parker's petition for habeas relief pursuant to §2254. *See*, Doc. 60. Almost three years later, Parker filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6), Doc. 62. Based on the following, the Rule 60(b)(6) motion is **DENIED**.

## Procedural History

In 2009, petitioner pleaded guilty to one count of criminal sexual assault in Illinois state court and was sentenced to five years and three months' imprisonment and a term of mandatory supervised release ("MSR") of three years to life. After several amendments, his § 2254 petition sets forth three claims: (1) his statutorily imposed term of mandatory supervised release was unconstitutional; (2) his constitutional rights were violated when he was questioned outside the presence of a parent, legal guardian, or lawyer because he was only 17 years old; and (3) his constitutional rights are being violated by being forced to serve his term of mandatory supervised release in prison because he

cannot provide a suitable host site for his release.

On July 14, 2017, this Court dismissed the first two claims with prejudice as time-barred. The third claim was dismissed without prejudice because petitioner had not exhausted state judicial remedies as to that claim. Parker did not appeal.

Parker has filed two subsequent § 2254 petitions, challenging the constitutionality of his MSR term (Case No. 16-cv-908-DRH) and attacking the validity of his conviction (Case No. 16-1082-DRH). The subsequent petitions were dismissed in December 2016, and petitioner did not appeal.

In his Rule 60(b)(6) motion, Parker argues that he should be relieved of the judgment in this case and of the judgment entered in Case No. 16-1082-DRH because "a constitutional challenge to a criminal statute can be raised at any time." (Doc. 62, p. 1) He also argues that he has filed a petition for mandamus with the Illinois Supreme Court and that there are no other state remedies that he can pursue.

## **Applicable Legal Standards**

Fed. R. Civ. P. 60(b) provides that the court may relieve a party from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Subsection (b)(6) means "any reason other than ones in Rule 60(b)(1) to (5))." *Choice Hotels International, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015). To be successful under Rule 60(b)(6), the movant must establish that "extraordinary circumstances" justify setting aside a final decision. *Ibid*.

### Analysis

Petitioner argues that the Court was wrong to dismiss his first and second claims as time-barred because a constitutional challenge to a criminal law can be raised at any time. This is an argument that the Court made an error of law, but Rule 60(b) "is not an alternate route for correcting simple legal errors." *Cash v. Illinois Division of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). A Rule 60(b) motion cannot be used to raise claims of legal error that could and should have been raised on direct appeal. *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013). The argument would fail in any event because the habeas petition was subject to the one-year limitation period set forth in 28 U.S.C. § 2244(d).

As to his third claim, petitioner appears to argue that he pursued and perhaps exhausted state judicial remedies after the judgment was entered in this case. This Court expresses no opinion as to whether he has, in fact, properly exhausted state remedies. Even if he did later properly exhaust, that would not present grounds for relief under Rule 60(b). The third claim was dismissed

without prejudice. If petitioner believes that he has now exhausted state judicial remedies, he can file a new § 2254 petition setting forth his third claim.

## Conclusion

Based on the foregoing, petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 62) is **DENIED**.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.30
09:27:03 -06'00'

**UNITED STATES DISTRICT JUDGE**